IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:07-cr-423 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL J. LUTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court are the following motions filed by Defendant: MOTION TO COMPEL DISCLOSURE OF IMPEACHMENT MATERIAL AND EXCULPATORY EVIDENCE (Document No. 27), with Memorandum of Law in support; MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) (Document No. 29); MOTION TO RETAIN AND PROVIDE ROUGH NOTES (Document No. 30); and MOTION TO REQUIRE GOVERNMENT TO NOTIFY DEFENDANT OF ITS INTENTION TO USE CERTAIN EVIDENCE (Document No. 31). The government has filed an omnibus response (Document No. 33) and the motions are ripe for disposition.

Defendant is charged in the five-count indictment with possession with intent to distribute less than 500 grams of cocaine, oxycontin and ecstasy, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. The instant motions relate to pretrial discovery.

Representations by the Government

The government represents that it accepts its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), F.R. Crim. P. 12 and 16, and the

Jencks Act, 18 U.S.C. § 3500. The government further states that it is willing to cooperate with any reasonable request made by Defendant.[1] The government agrees to voluntarily provide Jencks Act materials one week prior to trial. The government will provide impeachment material relating to its trial witnesses at the same time. At least two weeks prior to trial, the government will provide Defendant with a written summary of any expert testimony and a curriculum vitae of the expert.

The Court will address the specific issues in the pending motions seriatim:

Impeachment Material/Exculpatory Evidence

The government is not aware of any exculpatory information at this time. If the government becomes aware of such information, it will immediately notify Defendant. Thus, this portion of the Defendant's request is moot.

The government objects to the request for disclosure of tape-recordings to the extent it would disclose witnesses and/or details of the investigation. The government contends that statements not made by the Defendant do not need to be produced pursuant to Fed. R. Crim. P. 16(a). The Court agrees, in light of the representations made by the government with regard to its compliance with its other disclosure obligations.

The government opposes Defendant's request for disclosure of whether any individual who had a role in the case was, or is, a government agent. However, the government states that it is not aware of any such individuals. Similarly, the government objects to premature disclosure of promises or representations made to government witnesses, or exculpatory and/or impeachment evidence relating to those witnesses, including bias, narcotic habit, psychiatric

---

[1] Defendant requests that *Brady* materials be disclosed forthwith and the balance of the evidence 10 days prior to trial.

treatment, lack of competency, impartiality or credibility, criminal records, etc. The government represents that it will provide impeachment information about its witnesses in accordance with the Jencks Act, at least one week prior to trial. In light of the government's representations, Defendant is not entitled to further relief.

Rule 404(b) Evidence

The government represents that it will comply with Rule 404(b) by providing Defendant notice of other-acts evidence at least two weeks prior to trial. The government has provided Defendant with a copy of his criminal record, including the conviction which serves as the predicate for the felon in possession of a firearm offense.

Rough Notes

The government does not oppose Defendant's request that the agents retain their rough notes, but does object to their production to the extent that they contain statements by third-parties and would result in the disclosure of its witnesses. The Court agrees that rough notes must be preserved but interviews with third-parties need not necessarily be disclosed, although *Brady*, *Giglio*, and Jencks Act obligations continue to apply to such materials. *United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990) (Rule 16 disclosure obligation applies only to statements made by defendant). The Court will conduct an *in camera* review of any such notes that remain in dispute after counsel meet and confer, upon the request of Defendant. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983).

Redacted Informant Information

The government objects to producing any information pertaining to individuals not called as witnesses. In particular, the government objects to providing the identity of informants who will not be called at trial. The government notes that due to the large amount of controlled

substances involved in this case, it is concerned about the potential danger to prospective witnesses. It is Defendant's burden to set forth a specific need for such disclosure. *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). Defendant's speculation that an informant's information may be false does not satisfy this burden, where the redactions on the search warrant applications provided by the government concern only the dates and times of the alleged drug buys. Such information is rather transparently sought merely to discover the identity of the informant.

In accordance with the foregoing, the MOTION TO COMPEL DISCLOSURE OF IMPEACHMENT MATERIAL AND EXCULPATORY EVIDENCE (Document No. 27) is **DENIED AS MOOT WITHOUT PREJUDICE**; the MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) (Document No. 29) is **GRANTED** without objection; the MOTION TO RETAIN AND PROVIDE ROUGH NOTES (Document No. 30) is **GRANTED IN PART AND DENIED IN PART**; and the MOTION TO REQUIRE GOVERNMENT TO NOTIFY DEFENDANT OF ITS INTENTION TO USE CERTAIN EVIDENCE (Document No. 31) is **DENIED.**

SO ORDERED this 27th day of June, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke, Jr., AUSA
Email: almon.burke@usdoj.gov

Charles J. Porter, Jr., Esquire
Email: Cjporterjr@aol.com