IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 07-00423 |
| | ) | |
| DANIEL LUTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Now pending is a pro se motion for early termination of supervised release (ECF No. 89). The government filed a response in opposition (ECF No. 92). The motion is ripe for decision.

Defendant Daniel J. Luterman ("Luterman") pleaded guilty to possession with intent to distribute cocaine, possession with intent to distribute oxycodone and ecstasy, and possession of a firearm by a convicted felon (ECF No. 59). Luterman was sentenced to 97 months imprisonment, later reduced to 78 months, and three years of supervised release (ECF Nos. 63, 87). On April 24, 2018, Luterman filed a motion to terminate his supervised release with six months remaining (ECF No. 92).

I. ANALYSIS

Pursuant to 18 U.S.C. § 3583, after considering certain enumerated factors in 18 U.S.C. § 3553(a), the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The pertinent § 3553(a) factors the court must consider before terminating the term of

1

supervised release are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, §§ 3553(a)(2)(B)-(C);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing range established by the Sentencing Commission, § 3553(a)(4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010). "Compliance with the conditions of supervised release are expected and not exceptional." *Id.* at 574. Viewed in this light, the court will consider the pertinent factors set forth in § 3553(a), and then determine whether defendant is entitled to early termination of supervised release.

***(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a).***

Luterman pleaded guilty to possession with intent to distribute cocaine, oxycodone, and ecstasy, and possession of a firearm by a convicted felon (ECF No. 59).

2

The quantity of narcotics seized was substantial: 496.79 grams of cocaine; 59.60 grams of oxycodone; 126.7 grams of ecstasy; and 1 pound of marijuana. When converted to the marijuana equivalent pursuant to U.S.S.G. § 2D1.1,[1] the total comes to 562,481.6 grams of marijuana. Presentence Investigation Report ¶24.

Luterman has a history of drug-related convictions and substance abuse. On September 17, 1998, he operated a motor vehicle while under the influence of alcohol. *Id.* ¶28. On June 21, 2000, Luterman was found to be growing marijuana for distribution. *Id.* ¶26. The presentence investigation report reflected that:

> Mr. Luterman advised that he has been [a] daily user of marijuana since 1993 or 1994 to approximately 2000. From 2000 to 2006, the defendant stated that he remained drug and alcohol free. He began consuming alcohol again on December 25, 2006, and eventually became addicted to ocycodone. The defendant has not participated in drug and alcohol treatment, and clearly, he is in need of some.

*Id.* ¶37.

Luterman's possession of a firearm by a convicted felon is also noteworthy because it shows a disregard of a legal prohibition regarding dangerous instruments. On September 19, 2000, he was convicted of harassment when he threatened a police officer, stating that if the detective kept "f******g" with him, he (Luterman) would burn the victim's home down. *Id.* ¶27.

Luterman's history of drug-related involvement and access to guns weighs against an early termination of his supervised release.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, §§ 3553(a)(2)(B)-***

---

[1] U.S.S.G. § 2D1.1 directs that multiple drug types be converted to their marijuana equivalent to determine the sentencing guidelines.

3

*(C).*

As noted above, Luterman has a history involving drugs and guns, which are dangerous to the community. This history weighs against an early termination of supervised release.

*(3) The kinds of sentences available, § 3553(a)(3).*

Luterman was sentenced to 97 months imprisonment, later reduced to 78 months, and three years of supervised release (ECF Nos. 63, 87). This factor is neutral.

*(4) The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 28 and a criminal history category of III, the guideline range for imprisonment was 97 to 121 months. *Id.* ¶49. Luterman was sentenced to 97 months, which was later reduced to 78 months (ECF Nos. 63, 87). The guideline range for a term of supervised release was two to three years, pursuant to U.S.S.G. § 5D1.2(a)(2). *Id.* ¶52. Luterman was sentenced to three years of supervised release (ECF No. 63).

Luterman served 78 months imprisonment. He has several months left of his term of supervision, which was within the guideline range. This factor weighs against an early termination of supervised release.

*(5) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

The Sentencing Commission issued no pertinent policy statements.

*(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have not been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence of a need to terminate supervised release to avoid unwarranted sentence disparities among defendants with similar records who have not

been found guilty of similar conduct. Generally, terms of supervised are fulfilled because "simple compliance with the conditions of supervised release are expected and not exceptional." *Laine*, 404 F. App'x at 574.

***(7) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

"[T]here are no identifiable victims of the offense," and thus "[r]estitution is not an issue in this case." Presentence Investigation Report ¶¶9, 57.

II. CONCLUSION

Luterman's compliance with the conditions of his supervised release is commendable, especially his abstinence from drug abuse and criminal activity, and his continued employment. Luterman's actions, while laudable, are expected and do not warrant reducing the term of supervised release. The motion for early termination of supervised release (ECF No. 89) will be DENIED.

An appropriate order follows.


Dated: July 20, 2018                BY THE COURT:

                                    /s/ Joy Flowers Conti
                                    Joy Flowers Conti
                                    Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 07-00423 |
| | ) | |
| DANIEL LUTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

And now this 20th day of July, 2018, in accordance with the memorandum opinion, the motion for early termination of supervised release (ECF No. 89) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge